# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS ORELLANA ESCOBAR,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-5485** |
| **v.** | : | |
| | : | |
| **JAMISON, J.L., Warden, Federal** | : | |
| **Detention Center, Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 10th day of August 2026, upon consideration of Francis Orellana Escobar's, ("Petitioner"), *petition for writ of habeas corpus*, (ECF 1), and Respondents', (the "Government"), Response, (ECF 4), it is hereby **ORDERED** that the petition for *writ of habeas corpus* is **GRANTED** as follows:[1]

---

[1]     Petitioner is a citizen of Guatemala who entered the United States in August 2022.  (ECF 1 at ¶ 17).  After entering the United States, Petitioner lived in Upper Darby, Pennsylvania with his wife and three minor children and worked in construction.  (*Id.* at ¶ 18).  On August 2, 2026, Petitioner was taken into custody and placed in mandatory detention by the Department of Homeland Security, ("DHS"), at the Federal Detention Center, ("FDC"), in Philadelphia, Pennsylvania.  (*Id.* at ¶¶ 19-20).

Instantly, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), the Administrative Procedure Act, ("APA"), and his rights under the Fifth Amendments of the United States Constitution.  Petitioner seeks immediate release from detention.  In its response, the Government argues that Petitioner is an "applicant[] for admission" who is "seeking admission" such that mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), ("Section 1225(b)(2)(A)"), is lawful and that his detention meets constitutional due process requirements for the reasons it previously explained in briefing to this Court and the United States Court of Appeals for the Third Circuit, (the "Third Circuit").

The legal issues presented by this Petition are nearly identical to those this Court has previously resolved in its many rulings on the legality of detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).  As such, this Court herein incorporates by reference its prior Opinions and finds that Respondents are not authorized to detain Petitioner pursuant to Section 1225(b)(2)(A).  The Court further finds that the United States Immigration and Customs Enforcement's present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who has been residing in this country for many years without any criminal history.  *See* 8 U.S.C. § 1226(a) (providing, *inter alia*, that a noncitizen "*may* be arrested and detained pending a decision" on his removal) (emphasis added).  Thus, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without one violates the INA.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the Federal Detention Center in Philadelphia, Pennsylvania;

3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on August 2, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on August 11, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

As to Petitioner's constitutional arguments, the Government mounts a perfunctory opposition. As noted, this Court agrees with Petitioner that his detention pursuant to Section 1225(b)(2)(A) violates his constitutional right to due process where the detention implicates his weighty right to freedom from restraint and the Government failed to provide him the process due under the applicable detention statute. *See Nasimov*, 2026 WL 94615, at *5-6 (holding a petitioner's unlawful mandatory detention violated his due process rights where the petitioner was subject to discretionary immigration detention and detained without the requisite bond hearing).

Accordingly, this Court finds that Petitioner's detention violates the INA and Petitioner's Constitutional due process rights. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Considering the statutory and constitutional violations set forth herein, this Court finds that the law and justice require Petitioner's immediate release.

2